# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JODI D. JOHNSON,**
**Claimant Below, Petitioner**

**FILED**

November 6, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0766** (BOR Appeal No. 2053943)
            (Claim No. 2015022057)

**THE HOMER LAUGHLIN CHINA COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Jodi D. Johnson, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The Homer Laughlin China Company, by Counsel Lucinda L. Fluharty, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied authorization of a total left knee replacement on October 9, 2017. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its January 23, 2019, Order. The Order was affirmed by the Board of Review on August 5, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Johnson, a handler, was injured in the course of her employment on February 10, 2015, when she slipped and fell on ice. Treatment notes from River Valley Health Partners that day indicate Ms. Johnson was treated for a leg contusion and released to return to full duty work. The claim was held compensable for left lower leg contusion on February 18, 2015.

A left knee MRI was performed on March 19, 2015, which showed a complex tear of the medial meniscus, partial versus complete tear of the anterior cruciate ligament, a sprain of the proximal fibular collateral ligament, a marrow contusion with a nondisplaced fracture of the femoral condyle, small to moderate joint effusion, and partial full thickness articular defects in the

1

patellofemoral compartment. Left knee medial meniscus tear and left knee anterior cruciate ligament tear were added to the claim on May 14, 2015. On June 2, 2015, a left knee x-ray showed status post anterior cruciate ligament tear and small joint effusion. A left knee MRI was performed on September 21, 2015, and showed intact anterior cruciate ligament repair, possible meniscal retear, moderate to large joint effusion, and stable partial and full thickness articular defects.

A June 21, 2016, operative note by Marcy Dickey, M.D., indicates Ms. Johnson underwent anterior cruciate ligament reconstruction in May of 2015 but continued to have pain despite physical therapy and injections. An MRI showed a possible meniscus tear. Dr. Dickey found during surgery that the prior anterior cruciate ligament tear was 75% degraded. The post-operative diagnoses were left knee anterior cruciate ligament graft tear and chondromalacia of the medial femoral condyle and lateral patellar plica. A left knee x-ray was performed on August 18, 2016, and showed no acute injury. There was evidence of a prior anterior cruciate ligament repair and realignment and mild varus deformity.

In an October 3, 2016, treatment note, Dr. Dickey noted that Ms. Johnson reported left knee pain. Dr. Dickey diagnosed chronic left knee pain. He recommended Ms. Johnson continue light duty work and stated that there was no further treatment he could offer. He referred the claimant to James Kerrigan, M.D. On October 31, 2016, Dr. Kerrigan opined that Ms. Johnson's left knee anterior cruciate ligament graft failed. X-rays showed posttraumatic left knee arthritis. Dr. Kerrigan stated that the only option left was a total left knee replacement. He opined that posttraumatic left knee arthritis should be added to the claim and a total knee replacement should be authorized.

Dennis Glazer, M.D., performed a file review on November 29, 2016, in which he opined that Ms. Johnson's left knee osteoarthritis preexisted the compensable injury. Dr. Glazer stated that a left knee MRI performed one month prior to the injury showed significant changes in the femoral condyle, medial compartment, and lateral compartment.

On July 20, 2017, Dr. Dickey noted that Ms. Johnson wished to proceed with a total knee replacement. Dr. Dickey opined that the left knee osteoarthritis "within a reasonable degree of certainty" resulted from the work-related anterior cruciate ligament tear. The claims administrator denied a request for a total left knee replacement on October 9, 2017. On December 18, 2017, Ms. Johnson returned to Dr. Dickey and reported severe left knee pain after trying to get up from the floor a week prior. Dr. Dickey diagnosed history of left anterior cruciate ligament repair, deficiency of anterior cruciate ligament, and left knee arthritis. Dr. Dickey recommended a total knee replacement. The claimant was not a good candidate for a second anterior cruciate ligament reconstruction due to degenerative changes in the knee.

Ira J. Ungar, M.D., performed an independent medical evaluation on January 15, 2018, in which he found no evidence of instability in the left knee. He opined that Ms. Johnson had reached maximum medical improvement for her compensable injury and that she required no further treatment. Dr. Ungar assessed 11% impairment.

The Office of Judges affirmed the claims administrator's denial of a total left knee replacement in its January 23, 2019, Order. It found that the evidence indicates the surgery was requested to treat left knee osteoarthritis, which is not a compensable condition in the claim. The Office of Judges found no evidence that the treating physician, Dr. Dickey, requested the addition of the condition to the claim. Therefore, the surgery is clearly not aimed at treating a compensable injury. The Office of Judges noted that Dr. Ungar found in his evaluation that Mr. Johnson had reached maximum medical improvement for her compensable injury and that no further treatment was required. The Office of Judges therefore concluded that the requested left knee replacement was properly denied. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 5, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. A claimant is entitled to medical treatment for compensable conditions. The evidence indicates that the requested left knee surgery is aimed at treating left knee osteoarthritis, which has not been held compensable. Therefore, the treatment was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 6, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison